IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03300-RM-CBS

CARLOS THURMAN, and
ERICKA THURMAN,
     Plaintiffs,
v.

TAYLOR, BEAN & WHITAKER REO, in their corporate and individual capacities,
THE LAW FIRM OF ARONOWITZ & MECKLENBURG, LLP, in their corporate, Personal and individual capacities, and
CATHERINE A. HILDRETH, in her individual, Corporate and personal capacities,
     Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

     This civil action comes before the court regarding Plaintiffs' failure to respond to the court's Order to Show Cause dated March 11, 2014, failure to appear at the Status Conference held on March 10, 2014 at 9:15 a.m., failure to appear at the Status Conference held on January 30, 2014 at 10:45 a.m., failure to respond to Defendants' Motion to Quash Service, failure to comply with court orders and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.   Pursuant to the Order Referring Case dated December 9, 2013 (Doc. # 4), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, . . . ."   The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

     Proceeding in their *pro se* capacities, Plaintiffs filed their Complaint on December 6, 2013, alleging seven Claims for Relief for "Intentional infliction [sic] of Emotional and Intentional Distress, . . .Forgery, Collusive Foreclosure and Fraud upon the State Judicial

Machinery, . . . Violation to Plaintiff's Housing Rights of the Fair Housing Act of 1968, . . .
Unclean Hands, Conspiracy for Depravation [sic] of rights and interference with
Plaintiff's Federally Protected Activities under 18 U.S.C. §§ 242, 245, . . . Violation to Equal
Rights under § 1981 et. seq., and 14th Amend, Due Process, . . . Trespassing under C.R.S.
13-40-102 and 103 as well as C.R.S. § 18-4-502," and "Unjust Enrichment."   (*See* Doc. # 1
at 1-2 of 33).   Plaintiffs seek, among other things, fee simple title to the disputed property,
damages of "no less than $250,000.00 plus any and all punitive and exemplary awards . . . ."
 (*See id.* at 1, 25 of 33).

The court set a Status Conference on January 30, 2014 by an Order dated January 2,
2014.   (*See* Doc. # 7).   The court's records indicate that Plaintiffs' copy of the Order was not
returned to the court in the mail as undeliverable.   The court held the Status Conference on
January 30, 2014.   (See Courtroom Minutes/Minute Order (Doc. # 10)).   Counsel for
Defendants appeared in person.   Plaintiffs did not appear and did not contact the court to
explain their failure to appear.

By an Order dated January 30, 2014, the court set a second Status Conference on
February 25, 2014.   (*See* Doc. # 9).   On February 21, 2014, the court rescheduled the
Status Conference to March 10, 2014, due to a conflict on the court's calendar.   (*See* Doc. #
11).   The court's records indicate that Plaintiffs' copies of the Orders were not returned to
the court in the mail as undeliverable.   The court held the Status Conference on March 10,
2014.   (See Courtroom Minutes/Minute Order (Doc. # 12)).   Counsel for Defendants did not
appear.   She contacted the court by telephone later the same day to apologize that she had
failed to correctly enter the date of the Status Conference on her calendar.   Plaintiffs did not
appear at the Status Conference and have not contacted the court to explain their failure to

appear.

On December 31, 2013, Defendants filed a Motion to Quash Service, noting that "Plaintiffs allege service upon the Defendants of the Complaint purportedly by fax delivery and/or U.S. Mail delivery . . . ." (*See* Doc. # 5 (citing Doc. # 1 at 27 of 33)). Defendants argue that "[n]either method of service is authorized service pursuant to either Colorado law or federal law in accordance with Rule 4." As of this date, Plaintiffs have not filed any response to the Motion. Based upon the information before the court, it appears that Defendants have not been properly served in this action. Plaintiffs have not requested or shown good cause for an extension of time to serve Defendants. A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

"On motion or on its own, the court may issue any just orders, including those authorized by in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . ." Fed. R. Civ. P. 16(f). Pursuant to Fed. R. Civ. P. 41(b) and D.C. COLO. LCivR 41.1, on March 11, 2014, the court issued an Order directing

Plaintiffs to show cause on or before Tuesday April 1, 2014 why this civil action should not be dismissed with or without prejudice for failure to appear at two Status Conferences, failure to respond to Defendants' Motion to Quash Service, failure to file proof of proper service on Defendants, failure to comply with court orders and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.  (*See* Doc. # 13).   The court warned Plaintiffs that failure to timely respond to the Order to Show Cause may result in dismissal of this civil action without further notice.  (*See id.*).   To date, Plaintiffs have not filed any response to the court's Order to Show Cause.

Plaintiffs have failed to appear at the Status Conferences held on January 30, 2014 and March 10, 2014, to respond to the court's Order to Show Cause, to respond to Defendants' Motion to Quash Service, to comply with court orders and the Federal Rules of Civil Procedure, and to prosecute this civil action.   Based on Plaintiffs' noncompliance, this civil action may be dismissed with or without prejudice.   *See, e.g.*, D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."); *AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks and citation omitted);   *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  *AdvantEdge*

4

*Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted).   Here, the court recommends dismissal without prejudice.   The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired."   *Id.* (citation omitted).   Plaintiffs have not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions.   The court is not convinced that it is required to *sua sponte* identify and apply limitations periods or tolling provisions applicable to Plaintiffs' claims, particularly where personal jurisdiction over the Defendants is not apparent.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Plaintiffs' failure to respond to the court's Order to Show Cause dated March 11, 2014, failure to appear at the Status Conference held on March 10, 2014 at 9:15 a.m., failure to appear at the Status Conference held on January 30, 2014 at 10:45 a.m., failure to respond to Defendants' Motion to Quash Service, failure to comply with court orders and the Federal Rules of Civil Procedure, and failure to prosecute this civil action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);   *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).   A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and

specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).   Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");   *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);   *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).   *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of April, 2014.

BY THE COURT:


        s/Craig B. Shaffer
United States Magistrate Judge

6